NO. 07-00-0559-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 8, 2001

______________________________

DALE R. SWINDALL,

Appellant

v.

STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434,197; HON. JOHN FORBIS, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Dale R. Swindall, appellant, appeals his conviction for aggravated sexual assault.  The trial court imposed sentence in open court on August 31, 2000 and appellant timely moved for new trial.  Yet, his notice of appeal was not delivered to the trial court clerk until December 18, 2000. 

A timely notice of appeal is necessary to invoke the jurisdiction of a court of appeals.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).   To be timely, it must be filed within either 30 or 90 days of the date sentence is pronounced in open court.  
Tex. R. App. P
. 26.2 (a).   Here, appellant timely moved for new trial, thus his notice of appeal was due on November 30, 2000.  However, it was not filed until December 18, 2000, approximately 18 days after the deadline passed.  Furthermore, no motion for an extension of the deadline, pursuant to Texas Rule of Appellate Procedure
 26.3, has been filed with this Court.

Having filed the notice of appeal after the expiration of the deadline, appellant has not invoked our jurisdiction.  Therefore, we dismiss the appeal for the want of jurisdiction.

 

                                          Brian Quinn

   Justice

                                           

 

Do not publish.